142 F.3d 444
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William MCPHERSON, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS; National
Steel & Shipbuilding Company, Respondents.
 No. 96-70939.
 BRB No. 95-1257.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 6, 1998.
Decided April 27, 1998.
 
 1
 Petition for Review from an Order of the Benefits Review Board.
 
 
 2
 Before BOOCHEVER and KLEINFELD, Circuit Judges, and TANNER**, District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 The ALJ's decision was supported by substantial evidence on the record as a whole. Because it was, we need not reach the alternative contentions of respondent, National Steel & Shipbuilding Company.
 
 
 5
 The ALJ did not err by rejecting Dr. Baumunk's opinion of disc herniation in favor of Dr. Schwab's opinion of no disc herniation, even though Dr. Baumunk was McPherson's treating physician and Dr. Schwab was not.
 
 
 6
 To the extent that Dr. Schwab's opinion contradicts those of Dr. Baumunk and Dr. Levine, the ALJ articulated specific and legitimate reasons for following Dr. Schwab's opinion. Cf. Lester v. Chater, 81 F.3d 821, 830 (9th Cir.1995) (a treating doctor's opinion which is contradicted by another doctor may not be rejected unless the ALJ provides specific and legitimate reasons supported by substantial evidence). Dr. Schwab, unlike Dr. Baumunk and Dr. Levine, had the benefit of McPherson's medical history for the nine years after the accident.
 
 
 7
 Dr. Baumunk's and Dr. Levihe's opinions could not have the certainty and finality of a pathologist's report on an autopsy. Their inference from the observable data that McPherson had a herniated disc, and their prediction that his disability would be permanent, were based on the evidence available at the time, 1986, when McPherson had had well under a year to recover from his 1985 injury. Dr. Schwab had the benefit of eight years of subsequent history from which to form an opinion. Dr. Schwab also had the benefit of some older medical records, pre-1985, that Dr. Baumunk and Dr. Levine did not have. Dr. Schwab noted that McPherson had not sought any medical treatment for his back since 1986, except for one incident in 1991 when he tripped and fell. Also, Dr. Schwab reasonably inferred that McPherson's recovery was too good to be consistent with a herniated disc in 1985. Thus the ALJ reasonably accepted Dr. Schwab's opinion that McPherson had recovered from his injury of May 22, 1985, although he did show signs of nonoccupational degenerative disc disease.
 
 
 8
 We agree with respondent's brief regarding why petitioner cannot now claim the July 1986 to April 3, 1987 benefits. Because there were reasonable grounds for petitioner's appeal, respondent National Steel & Shipbuilding Company is not entitled to costs pursuant to section 26, 33 U.S.C. § 926.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3